| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of<br>J. SCADUTO & SON, INC.,<br><br>Plaintiff,<br><br>-v-<br><br>LIBERTY MUTUAL INSURANCE COMPANY and AGENCY CONSTRUCTION CORP.,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK<br><br>Civil Action No.: 08 CV 01885<br>"EFC Case"<br><br>**VERIFIED ANSWER & COUNTERCLAIMS** |

Defendant, Agency Construction Corp., by its attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, answering the Verified Complaint herein (the "Complaint"), alleges and responds as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Complaint.

3. Admits the allegations set forth in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Complaint.

7. Admits the allegations set forth in paragraph 7 of the Complaint and respectfully refers this Court to the documents referenced therein for their true and complete meaning, content and intent at the time of trial of this action.

8. Admits the allegations set forth in paragraph 8 of the Complaint and respectfully refers this Court to the documents referenced therein for their true and complete meaning, content and intent at the time of trial of this action.

9. Admits the allegations set forth in paragraph 9 with respect to Agency entering into a written subcontract and respectfully refers this Court to the documents referenced therein for their true and complete meaning, content and intent at the time of trial of this action.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Complaint.

11. Admits the allegations set forth in paragraph 11 of the Complaint with respect to submitting certain change orders and otherwise denies the allegations set forth therein.

12. Denies the allegations set forth in paragraph 12 of the Complaint.

13. Admits the allegations set forth in paragraph 13 with respect to receiving certain invoices and respectfully refers this Court to the documents referenced therein for their true and compete meaning, content and intent at the time of trial of this action and denies knowledge or information sufficient to form a belief as to whether the referenced work was completed.

14. Admits the allegations set forth in paragraph 14 of the Complaint with respect to the payment in the sum of $70,335 and otherwise denies knowledge or information sufficient to form a belief as to the allegations set forth therein.

15. Denies the allegations set forth in paragraph 15 of the Complaint.

16. Admits the allegations set forth in paragraph 16 of the Complaint with respect to terminating the Plaintiff at the direction of the United States Post Office and respectfully refers this Court to the documents referenced therein for their true and complete meaning, content and intent at the time of trial of this action.

17. Admits the allegations set forth in paragraph 17 of the Complaint that no other written termination notice was provided to Plaintiff and otherwise denies the allegations set forth in this paragraph.

18. Denies the allegations set forth in paragraph 18 of the Complaint.

19. Denies the allegations set forth in paragraph 19 of the Complaint.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 26 of the Complaint and respectfully refers this Court to the documents referenced therein for their true and complete content, meaning and intent the time of trial of this action.

27. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 27 of the Complaint and denies that Plaintiff is due payment.

28. Denies the allegations set forth in paragraph 28 of the Complaint .

## COUNT ONE

29. Defendant repeats, realleges, and reasserts the prior responses as is fully set forth at length herein.

30. Denies allegations set forth in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 31 of the Complaint with respect to plaintiff being entitled to any additional payment.

32. Denies the allegations set forth in paragraph 32 of the Complaint that any further payment is due.

33. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 33 of the Complaint and otherwise denies that plaintiff is entitled to any additional payment.

34. Denies the allegations set forth in paragraph 34 of the Complaint.

## COUNT TWO

35. Defendant repeats, realleges, and reasserts the prior responses as is fully set forth at length herein.

36. Denies the allegations set forth in paragraph 36 of the Complaint.

37. Denies the allegations set forth in paragraph 37 of the Complaint to the extent that plaintiff alleges any additional payment is due.

38. Denies the allegations set forth in paragraphs 38 of the Complaint.

39. Denies the allegations set forth in paragraphs 39 of the Complaint.

## COUNT THREE

40. Defendant repeats, realleges, and reasserts the prior responses as is fully set forth at length herein.

41. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 41 of the Complaint.

42. Denies the allegations set forth in paragraph 42 of the Complaint to the extent Plaintiff alleges that it is due further payment.

43. Denies the allegations set forth in paragraph 43 of the Complaint.

## COUNT FOUR

44. Defendant repeats, realleges, and reasserts the prior responses as is fully set forth at length herein.

45. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 45 of the Complaint.

46. Denies the allegations set forth in paragraph 46 of the Complaint with respect to plaintiff being entitled to any additional payment of the Complaint.

47. Denies the allegations set forth in paragraph 47 of the Complaint.

## COUNT FIVE

48. Defendant repeats, realleges, and reasserts the prior responses as is fully set forth at length herein.

49. Admits the allegations set forth in paragraph 49 of the Complaint that certain work, labor and services were provided for which Plaintiff was compensated in full.

50. Denies the allegations set forth in paragraph 50 of the Complaint.

51. Denies the allegations set forth in paragraph 51 of the Complaint.

## COUNT SIX

52. Defendant repeats, realleges, and reasserts the prior responses as is fully set forth at length herein.

53. Denies the allegations set forth in paragraphs 53 of the Complaint.

54. Denies the allegations set forth in paragraphs 54 of the Complaint.

55. Denies the allegations set forth in paragraphs 55 of the Complaint.

56. Denies the allegations set forth in paragraph 56 of the Complaint to the extent that Plaintiff alleges it is entitled to any additional payment.

57. Denies the allegations set forth in paragraph 57 of the Complaint.

## COUNT SEVEN

58. Defendant repeats, realleges, and reasserts the prior responses as is fully set forth at length herein.

59. Denies the allegations set forth in paragraph 59 of the Complaint.

60. Denies the allegations set forth in paragraph 60 of the Complaint.

61. Denies the allegations set forth in paragraph 61 of the Complaint.

62. Denies the allegations set forth in paragraph 62 of the Complaint.

63. Denies the allegations set forth in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 64 of the Complaint and respectfully refers this Court to the documents referenced therein for their true and complete content, meaning and intent at the time of trial of this action and otherwise denies that no claim has been made against Plaintiff's liability carrier.

65. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 65 of the Complaint.

66. Denies the allegations set forth in paragraph 66 of the Complaint.

67. Denies the allegations set forth in paragraph 67 of the Complaint.

68. Denies the allegations set forth in paragraph 68 of the Complaint.

## AS AND FOR A FIRST SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

69. Plaintiff's claims are subject to offset by reason of the damages caused to this answering Defendant by Plaintiff's careless, reckless and/ or negligent acts at the Mott Haven Project.

## AS AND FOR A SECOND SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred by reason of payment of all sums due and owing pursuant to the work, labor and services provided at the Mott Haven Project.

## AS AND FOR A THIRD SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

71. Plaintiff's claims are barred in whole or in part by reason of not having completed the work at the Mott Haven Project.

## AS AND FOR A FOURTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred in whole or in part by reason of Plaintiff's proper termination from the Mott Haven Project as of May 18, 2007.

## AS AND FOR A FIFTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred by reason of the application of the doctrine of unclean hands in that Plaintiff's culpable conduct caused Plaintiff to be terminated from the Mott Haven Project.

## AS AND FOR A SIXTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

74. Plaintiff's claims are premature pursuant to paragraph ELEVENTH of the contract between Plaintiff and this answering defendant that requires final settlement of financial matters between said parties be deferred until resolution of claims arising out of Plaintiff's negligence.

## AS AND FOR AGENCY CONSTRUCTION'S COUNTERCLAIM

75. Agency Construction Corp. ("Agency") brings these counterclaims against J. Scaduto & Son, Inc. ("Scaduto") to recover damages incurred by Agency to remediate the physical damage to the Mott Haven Post Office, 517 East 139th Street, Bronx, New York resulting from a certain fire on May 12, 2007. Upon information and belief, the fire was caused or contributed to by the careless, reckless and/or negligent acts of Scaduto.

## THE PARTIES

76. Agency was and is at all times hereafter mentioned a corporation duly formed and existing by virtue of the laws of the State of New York with offices located at 526 Fayette Avenue, Mamaroneck, New York and is engaged in the commercial construction business.

77. Upon information and belief, J. Scaduto & Son, Inc. was and is a corporation duly formed and existing by virtue of the laws of the State of New York with offices located at 1536 Southern Boulevard, Building # 1, Bronx, New York and is engaged in the roofing business.

## JURISDICTION

78. Jurisdiction is vested in this Court under 28 U.S.C. 1367(a) pursuant to the Court's ancillary jurisdiction over counterclaims.

## GENERAL ALLEGATIONS

79.     On or about September 29, 2006, Agency entered into a contract with the United States Postal Service to provide general construction work, labor and services at the Mott Haven Post Office, 517 East 139th Street, Bronx, New York (the "Prime Contract").

80.     In connection with its performance under the Prime Contract, Agency entered into subcontract with Scaduto to perform certain roofing work at the subject property ("Subcontract") and pursuant to the Subcontract, all terms and conditions of the Prime Contract were deemed incorporated therein.

81.     On or about May 12, 2007, a fire occurred at the Mott Haven Post Office resulting in extensive property damage (the "fire").

82.     Pursuant to two separate incident reports issued by the Fire Department of New York, dated May 25, 2007 and June 18, 2007, respectively, the area of origin of the fire was the roof at the Mott Haven Project and equipment owned and operated by Scaduto know as a "tarpot, tar kettle."

83.     At the time of the fire, Scaduto was the only party present on the roof where the fire originated and exercised complete dominion and control over said roof at such time and on such date.

84.     Pursuant to the terms of Prime Contract, Agency, as general contractor, was required to expend work, labor and services, together with substantial financial resources to remediate the damage caused by the fire.

## AS AND FOR AGENCY CONSTRUCTION CORP.'S FIRST COUNTERCLAIM
### (Negligence)

85.     Agency repeats, reasserts and realleges the allegations set forth in paragraphs 75 through 84 hereof as if fully set forth at length herein.

1240903
50000660-021

86. The fire at the Mott Haven Post Office located at 517 East 139th Street, Bronx, New York was caused by or contributed to by the careless, reckless and/ or negligence acts of Scaduto its agents, servants or employees.

87. The fire resulted in extensive property damage.

88. Pursuant to the terms of the Prime Contract, Agency was obligated to remediate the property damage to the Mott Haven Post Office and was required to expend work, labor and services together with financial resources to do so.

89. By reason of the foregoing, Agency has been damaged in an amount to be determined at the time of trial of this action but in no event less than the sum of SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00).

### AS AND FOR AGENCY CONSTRUCTION CORP.'S SECOND COUNTERCLAIM
(Breach of Contract/ Indemnity)

90. Agency repeats, reasserts and realleges the allegations set forth in paragraphs 75 through 89 hereof as is fully set forth at length herein.

91. Pursuant to paragraph ELEVENTH of the Subcontract, Scaduto agreed, in relevant part, to "protect and indemnify the said Contractor [Agency] against any loss or damage suffered by any one through the negligence of the Sub-contractor [Scaduto], or those employed by him or his agent or servants; he shall bear any expense which the Contractor [Agency] may have by reason thereof, or on account of being charged therewith;..."

92. Agency has suffered loss and damage by reason of Scaduto's negligence that resulted in the May 12, 2007 fire, aforementioned, and Agency's remediation of same.

93. Agency has demanded that Scaduto honor the terms of the Subcontract and indemnify and make Agency whole, and hereby continues said demand, but Scaduto has failed and refused to do same.

94. By reason of the foregoing, Agency has been damaged in an amount to be determined at the time of trial of this action but in no event less than the sum of SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00).

WHEREFORE, Agency Construction Corp. demands judgment: (a) dismissing the complaint in its entirety; (b) on the first counterclaim in a sum to be determined at the time of trial of this action but in no event less that the sum of SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00); (c) on the second counterclaim in a sum to be determined at the time of trial of this action but in no event less than the sum of SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00); and (d) all together with such other and further relief as to this Court is deemed to be just and proper.

Dated: White Plains, New York
June 12, 2008

DelBello Donnellan Weingarten
Wise & Wiederkehr, LLP
Attorneys for Defendant
Agency Construction Corp.

By: _____
Evan Wiederkehr (EW9488)
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200

To: Paul A. Montuori, Esq.
Law Offices of Paul A. Montuori, P.C.
Attorney for Plaintiff
265 Post Avenue, Suite 270
Westbury, New York 11590
(516) 338-4714

Liberty Mutual Insurance Company
450 Plymouth Road, Suite 400
Plymouth Meeting, PA 19462

1240903
50000660-021

## VERIFICATION

STATE OF NEW YORK            )
                             ) ss:
COUNTY OF WESTCHESTER        )

Gregory M. Masone, being duly sworn says: I am President of Agency Construction Corp., one of the named defendants in the action herein. I have read the annexed Verified Answer, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
GREGORY M. MASONE

Sworn to before me this
11 day of June, 2008

_____
NOTARY PUBLIC

NOTARY PUBLIC
Gregory Carl Masone
State of New York
County of Westchester
No. 01MA5083255
Exp. 8/11/2009

1240903
50000660-021