UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNITED STATES OF AMERICA for the use                    08 CV 01885 (EGL)
and benefit of J. SCADUTO & SON, INC.,

                            Plaintiff,

        -against-

LIBERTY MUTUAL INSURANCE CO. and
AGENCY CONSTRUCTION CORP.,

                            Defendants.
--------------------------------------------------------------X

                    AFFIDAVIT OF DOUGLAS WILLS

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK )

        Douglas Wills, being duly sworn, deposes and states as follows:

        1.      I am Senior Surety Counsel for defendant, Liberty Mutual Insurance

Company (Liberty).  I submit this Affidavit in opposition to the motion of J. Scaduto &

Son, Inc. (Scaduto), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure,

seeking judgment on the pleadings as to defendant, Agency Construction Corp.'s

(Agency) breach of contract, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure dismissing Agency's counterclaims.

        2.      My knowledge of the facts set forth in this Affidavit is based upon my

review of the relevant records maintained by Liberty and a general investigation of the

facts of this matter.

        3.      I note at the outset that Scaduto's motion does not seek relief from Liberty,

but rather seeks a judgment of liability against Agency and dismissal of Agency's

counterclaims.  As such, the decision should have no bearing on any surety-specific

defenses asserted by Liberty in its Answer, a copy of which is attached to the Declaration of Paul A. Montouri, Esq. (Montouri Dec.) as Exhibit C.

4.    Nonetheless, Liberty submits this Affidavit in response to the motion, particularly, in response to certain allegations made by Scaduto in its moving papers which should be clarified for the record.

5.    First, Scaduto claims that "the notion that the termination was one for cause...was created by Defendant Liberty Mutual in denying J. Scaduto's surety bond claim."[3] Indeed, Scaduto alleges that Liberty's purported "bad faith" in taking such a stance, when Agency does not, is the reason for the current litigation among the parties.[4]

6.    Of course, none of Liberty's actions, with respect to its denial of Scaduto's claim, reflect bad faith. In fact, Liberty sought the advice and input of its principal, Agency, when it received Scaduto's claim. In response, Liberty was advised, by letter of Agency's counsel, that the termination was "by reason of Scaduto's breach" of the subcontract agreement.[5] Moreover, Agency advised that Scaduto had breached Paragraph 9 of the subcontract agreement, and that Agency had complied with the notice provisions of Paragraph 17.

7.    Based on this and its own internal investigation, including the myriad issues of fact with respect to the termination, the fire, and the extensive damages suffered as a result of the fire, Liberty denied the claim. Liberty certainly had a valid

---

[3] Plaintiff J. Scaduto & Son, Inc.'s Memorandum of Law in Support of its Rule 12 Motion for Judgment on the Pleadings and Dismissal of Defendant Agency Construction Corp.'s Counterclaims (Memorandum) at p. 15.
[4] Memorandum, fn. 17.
[5] A copy of a letter detailing the termination and related issues, sent by Evan Weiderkehr, Esq., counsel to Agency, dated November 8, 2007, is attached as Exhibit A.

AFFIDAVIT OF DOUGLAS WILLS – PAGE 2

basis for denying the claim at that time.  In fact, Liberty explained its position and its

belief that a meritorious defense existed to the claim in a letter to Mr. Montouri, dated

November 12, 2007.[6]

8.      Regardless of whether the termination was for convenience or for cause,

Liberty nonetheless possesses, and asserts, all defenses and offsets available to its

principal, Agency.

9.      Liberty hereby adopts the factual positions and legal arguments contained

in the opposition papers filed by Agency.  Moreover, Liberty agrees with Agency that

factual issues exist to preclude the granting of Scaduto's motion, but to the extent that a

determination of liability against Agency is made by this Court, Liberty, like Agency,

disputes the amount alleged to be owed to Scaduto under its agreement with Agency,

and, therefore, request that the issue of damages be reserved for trial or other

disposition.

Douglas Wills
Sr. Surety Counsel
Liberty Mutual Surety
Liberty Mutual Ins. Co.

SWORN TO BEFORE ME THIS
___ DAY OF AUGUST, 2008

_____
Notary Public

My Commission Expires: Feb 12, 2012

NOTARIAL SEAL
HEATHER L JARAMILLO
Notary Public
PLYMOUTH TWP, MONTGOMERY COUNTY
My Commission Expires Feb 12, 2012

---

[6] A copy of the November 12, 2007 letter is attached as Exhibit B.

AFFIDAVIT OF DOUGLAS WILLS – PAGE 3

Exhibit A

# DEL_E ,O DONNELLAN WEIR ,A EN

## WISE & WIEDERKEHR, LLP

THOMAS R. BEIRNE
BRIAN T. BELOWICH°
ANN FARRISSEY CARLSON°
ALFRED B. DELBELLO
ALFRED E. DONNELLAN†
JANET J. GIRIS▼
FRANK J. HAUPEL
PAUL I. MARX†
FAITH G. MILLER
PATRICK M. REILLY
BRADLEY D. WANK*
JAMES J. SULLIVAN
MARK P. WEINGARTEN°
LEE S. WIEDERKEHR
PETER J. WISE, AICP †

JACOB E. AMIR
MATTHEW S. CLIFFORD†
JENNIFER M. JACKMAN°
JENNIFER A. LOFARO°
SUSAN CURRIE MOREHOUSE
PERRY M. OCHACHER
STEPHAN A. RAPAGLIA
BIANCA L. RESMINI°
JESSICA H. RESSLER
MICHAEL J. SCHWARZ°
DANIEL G. WALSH
EVAN WIEDERKEHR
HEIDI WINSLOW

COUNSELLORS AT LAW

THE GATEWAY BUILDING
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601

(914) 681-0200
FACSIMILE (914) 684-0288

ANDREW J. BALINT
RICHARD A. KATZIVE
BRANDON R. SALL★
ELIOT M. SCHUMAN
DAVID R. SELZNICK & CO., LLP

COUNSEL

°MEMBER OF NY & CT BARS
†MEMBER OF NY & NJ BARS
*MEMBER OF NY & DC BARS
▼MEMBER OF NY, NJ & MA BARS
★MEMBER OF NY, NJ, CT & FL BARS

November 8, 2007

**VIA OVERNIGHT MAIL**
Scott Yurko
Sr. Surety Claims Specialist I
Liberty Mutual
Interchange Corporate Center
450 Plymouth Road – Suite 400
Plymouth Meeting, PA 19462

Re:     **Principal:     Agency Construction Corp.**
       **Obligee:       United States Postal Service**
       **Bond No.:     0150025053**
       **Claimant:     J. Scaduto & Son, Inc.**
       <u>**Claim No.:     015025053.1**</u>

Dear Mr. Yurko:

We are the attorneys for Agency Construction Corp. ("Agency") with respect to the above referenced matter and submit this correspondence in response to the claim presented by J. Scaduto & Son, Inc. ("Scaduto") against bond 015025053.

Scaduto was terminated from further performance under a certain Subcontractor Agreement ("Agreement") with Agency by written communication dated May 22, 2007. A copy of said Agreement and termination correspondence are provided herewith.

Agency terminated the contract with Scaduto by reason of Scaduto's breach of the terms of said Agreement. On May 12, 2007, a fire broke out on the roof of the United States Post Office located at 517 East 139th Street, the location of the work being performed ("Job Site").

Scaduto's termination resulted from its own overt actions. Agency has sustained many hundreds of thousands of dollars resulting from Scaduto's culpable conduct.

By reports dated May 25, 2007 and June 18, 2007, respectfully, the Fire Department of New York determined that the "EQUIPMENT PROEPRTY INVOLVED IN IGNITION," and therefore the origin of the fire, was a portable tarpot, or tar kettle located on the roof. Copies of the aforementioned reports are provided herewith. Scaduto was the party that placed the tarpot on the roof of the Job Site. This affirmative act violated a New York City Fire Department regulation.

1226537
50000660-021

Scott Yurko                                                    November 8, 2007
Re: Agency Construction Corp.                                          Page 2
   Claim No.: 015025053.1

Additionally, it is also understood that in the time leading up to the fire, Scaduto stored gasoline on the roof of the Job Site in a container not approved for such purpose, also a violation of New York City Fire Department regulations.

Pursuant to paragraph NINTH of the Agreement, Scaduto agreed that, "The Sub-contractor shall comply with all applicable laws, ordinances, rules, regulations and orders of any public authority having jurisdiction for the safety of persons or property or to protect them from damage, injury or loss.

Scaduto's conduct violated the foregoing express provision of the Agreement. It is understood that the United States Postal Police has commenced an investigation of the foregoing violations.

Additionally, the issue has been raised that the careless disposal of a cigarette by an employee of Scaduto on the roof of the Job Site may have contributed to fire and the extraordinary damages sustained.

In accordance with the terms of the Agreement, in particular paragraph SEVENTEEN thereof, Scaduto was terminated upon twenty four hours written notice. Moreover, Scaduto's claims for payment are subject to setoff by reason of the vastly greater monetary damages sustained by Agency resulting from Scaduto's culpable conduct.

Additionally, by reason of Scaduto's liability arising out of the fire in issue, Agency has made claim against Scaduto's liability carrier, Great American E & S Insurance Company. At the present time, Great American is reviewing the copious documentation itemizing the damages sustained by Agency.

Agency objects to any release to Scaduto any portion of the bond in place as any such release would be unwarranted and improper.

The foregoing is submitted without prejudice to any and all rights, claims or defenses that have or may be asserted by Agency Construction Corp.

Very truly yours,
DELBELLO DONNELLAN WEINGARTEN WISE
& WIEDERKEHR, LLP

Evan Wiederkehr

EW/fc
cc. Agency Constuction (via e-mail) (without enclosures)

Exhibit B

**Liberty Mutual.**

Liberty Mutual **Surety**

**Scott Yurko**
Sr. Surety Claims Specialist I

November 12, 2007

Mr. Paul Montuori, Attorney for Claimant
Law Offices of Paul A. Montuori, P.C.
265 Post Avenue, Suite 270
Westbury, New York 11590

Interchange Corporate Center
450 Plymouth Road, Suite 400
Plymouth Meeting, PA 19462
Scott.Yurko@libertymutual.com
Phone:  610-832-8275
Fax:     610-832-8124

Re:    Principal:        Agency Construction Corp.
       Obligee:         United States Postal Service
       Bond No.:        015025053
       Project:          Contract No. 332495-06-A-0206 - Replacement of Air Conditioning Unit at Mott
                         Haven Station, Bronx, NY
       Claimant:        J. Scaduto & Son, Inc.
       Claim No.:       015025053.1
       Surety:          Liberty Mutual Insurance Company

Dear Mr. Montuori:

Agency Construction has advised Liberty Mutual that J. Scaduto's contract was terminated on May 22, 2007. The termination occurred subsequent to a fire breaking out on the roof of the post office. J. Scaduto & Son was the roofing subcontractor on this project.

The fire report indicates that the equipment involved in the ignition of the blaze included a tarpot, and a tar kettle. Both items were stored on the roof, a violation of the New York City Fire Code. A copy of the report has been enclosed for your review.

As surety, Liberty Mutual is not an arbiter of fact. We are obligated to evaluate the documentation presented by the claimant, and the veracity of the defense raised by our principal. Based on the information provided to date, Liberty Mutual believes that Agency Construction has presented a meritorious defense to the claim asserted by your client. Accordingly, Liberty Mutual now denies J. Scaduto's claim in its entirety.

Please feel free to contact me if you have any questions.

This correspondence and all prior or subsequent communications and/or investigative efforts are made with the express reservation of all rights and defenses which Liberty Mutual Insurance Company or Agency Construction Corp. has or may have at law, equity or under the terms and provisions of the bond and contract documents. This reservation includes, without limitation, defenses that may be available under the applicable notice and suit limitation provisions.

Sincerely,

Scott Yurko
Sr. Surety Claims Specialist I

cc:     Agency Construction Corp.

**Member of Liberty Mutual Group**

Evan Wiederkehr – Delbello Donnellan Weingarten Wise & Wiederkehr
Dave Finkelstein - LMS Home Office
Dave Roberts - LMS New York

Liberty Mutual Surety